UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICOLE CROSBY,<br><br>                    Plaintiff,<br><br>vs.<br><br>STATE OF IDAHO,<br><br>                    Defendant. | Case No. 1:25-cv-00671-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all non-prisoner pauper complaints to determine whether they have stated a claim upon which relief can be granted before any complaint is served on the defendants. 28 U.S.C. § 1915. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se Plaintiff Nicole Crosby has filed a complaint against the State of Idaho, which appears to be aimed at Gooding County prosecutor Trevor Misseldine, arising from Gooding County criminal case, CR24-20-01020. Dkt. 2 at 1. She also states that an "officer federal made

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

sexual remarks at me and Brooke Mauger pushed me"—both of which appear to have occurred during the Gooding County criminal proceedings. Dkt. 2 at 4. The criminal case referenced in the complaint was dismissed by motion of the prosecutor, with the order entered on April 13, 2021. *See* Attached Exhibit. For the following reasons, Plaintiff's complaint will be dismissed without prejudice, with leave to amend to correct the deficiencies set forth herein.

## REVIEW OF COMPLAINT

1. **Statute of Limitations**

   The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is determined by the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219 provides for a two-year statute of limitations for personal injury actions. Federal civil rights actions arising in Idaho are governed by this two-year statute of limitations.

   Although the Court relies upon the state statute of limitations to determine the time for filing a claim, the Court uses federal law to determine when a claim accrues. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986). The statute of limitations for a § 1983 claim that is dependent upon a prior state court action to invalidate a conviction does not begin to run until the state court action is dismissed in the defendant's favor, because the § 1983 cause of action does not arise until a state court action is completed. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

Here, Plaintiff's claims all arise from a criminal action in state court that was dismissed in 2021. That means Plaintiff had two years from the date of dismissal (until 2023), to file a federal civil rights claim against the prosecutor, the federal officer involved in the criminal case, and the alleged state actor who pushed her in the course of the criminal proceedings. It is clear (1) that Plaintiff knew about the alleged civil rights violations at the time of the dismissal and (2) that she knew her injuries at that time.

If claims are untimely filed, they are deemed frivolous and can be dismissed sua sponte after notice to the plaintiff. *See Franklin v. Murphy,* 745 F.2d 1221, 1229–30 (9th Cir. 1984) (a case filed outside the statute of limitations period is legally frivolous); *Puett v. Carnes*, 21 F.3d 1115 (9th Cir. 1994) (unpubl.) (same); *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (same).

Before dismissing the claims, the Court will provide Plaintiff with an opportunity to show that the statute of limitations started on a different date, or that she is entitled to equitable tolling or estoppel. Otherwise, the claims are untimely and subject to dismissal with prejudice.

## 2. Improper Defendant

Only the State of Idaho is named as a defendant. The State of Idaho generally is protected from suit in federal court because the Eleventh Amendment provides "sovereign immunity" to states. A state cannot be sued in federal court except in two instances (1) where the state has expressly waived its sovereign immunity, *see Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); or (2) where Congress acted under a valid grant of constitutional authority and specifically intended to abrogate state sovereign immunity. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000).

The State of Idaho has not waived sovereign immunity for § 1983 suits in federal court, and Congress has not abrogated state sovereign immunity for such suits. The Eleventh

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

Amendment's jurisdictional bar applies to states "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Moreover, only a "person" is amenable to suit under 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff cannot proceed against the State of Idaho and should omit this Defendant in any amended complaint.

3. **Insufficient Factual Support**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). If any actor is allegedly a federal actor, the pleading must contain sufficient allegations to support the allegation under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the federal civil rights counterpart to 42 U.S.C. § 1983.

Plaintiff has stated no claim upon which she can proceed with her vague allegations. A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment. *See Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000). She will be given leave to file an amended complaint.

4. **Instructions for Amendment**

Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces an original pleading. Any amended complaint must show her claims are timely, name a proper defendant, provide sufficient facts to support her claim, and omit the State of Idaho as a defendant.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

A pleading is more understandable if it is organized by claim for relief and defendant, rather than asserting a broad set of facts at the beginning of a pleading that are unrelated to a list of defendants elsewhere in the pleading. An amended complaint must state the "who, what, where, when, why, and how" of each claim.

In particular, for each claim against each defendant, Plaintiff must state the following (organized by each defendant): (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is a state or federal actor (such as state or federal employment) or a private entity/private individual acting under color of law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the Constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant.

The amended complaint must be legibly written or typed, and it should be clearly designated as an "Amended Complaint." Plaintiff must leave a one-inch margin around all edges of any complaint to allow for proper electronic scanning. Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Clerk of Court.

If Plaintiff files an amended complaint, she must also file a "Motion to Review the Amended Complaint." If Plaintiff fails to file anything further in this matter, her amended complaint will be dismissed with prejudice.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

## REVIEW OF IN FORMA PAUPERIS REQUEST

Plaintiff has filed an in forma pauperis application asserting that she has $45,000 in cash or in a checking or savings account. She also owns "stones, writings, lands, [and] houses." Dkt. 1 at 2. Accordingly, she can afford to pay the filing fee.

## ORDER

**IT IS ORDERED:**

1. Plaintiff must file a motion to amend and an amended complaint within **21 days** after entry of this Order. Failure to do so will result in dismissal of this case with prejudice.

2. Plaintiff's In Forma Pauperis Application (Dkt. 1) is DENIED. Within **21 days** after entry of this Order, Plaintiff must pay the filing fee of $405.00 to the Clerk of Court. Failure to do so will result in dismissal of this case, even if an amended complaint is filed.

DATED: January 12, 2026

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**